IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN W. WINNINGHAM, JR.,  *Plaintiff*,  v.  1. CITY OF BROKEN ARROW, 2. BROKEN ARROW POLICE, 3. COUNTY OF TULSA, 4. CITY OF SALLISAW, 5. L. RADEMACHER, BROKEN ARROW POLICE PATROL, 6. T. JESSE, BROKEN ARROW POLICE PATROL,  *Defendants*, | Case No. CIV-20-086-RAW |

## ORDER

Before the court are the motion to dismiss by the City of Sallisaw [Docket No. 22] and motions to dismiss by the City of Broken Arrow, the Broken Arrow Police, L. Rademacher, and T. Jesse (hereinafter the "Broken Arrow Defendants") [Docket Nos. 19, 20, and 26]. Also before the court are the City of Sallisaw's motion to dismiss the Amended Complaint [Docket No. 36] and the Broken Arrow Defendants' motion to strike, or in the alternative, motion to dismiss the Amended Complaint [Docket No. 37].

The court first addresses the motion to strike and the motions to dismiss the Amended Complaint. Plaintiff filed his fifteen-page *pro se*[1] Complaint on March 25, 2020. After motions

---

[1] The court construes liberally the pleadings of all *pro se* litigants. *Hall v. Bellmon*, 93 F2d 1106, 1110 (10th Cir. 1991). Nevertheless, *pro se* parties are subject to "the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citations omitted). Moreover, "the court cannot take on the responsibility of serving as the litigant's

to dismiss were filed, the court entered an order inviting plaintiff if he so desired to file an Amended Complaint by September 16, 2020, providing additional legal or factual averments which may vitiate Defendants' claims of insufficiency. The court stated that additional parties or claims were not contemplated by its order and directed Plaintiff to include a redline version of the original Complaint if he were to file an Amended Complaint. The court further directed Plaintiff to show cause by September 16, 2020 for failure to timely serve his Complaint and Summons on the Defendants in accordance with Rule 4(m) of the Federal Rules of Civil Procedure and admonished him that failure to comply with the order could result in dismissal of this action.

Plaintiff did not file an Amended Complaint or show cause for his failure to timely serve his Complaint and Summons on the Defendants in accordance with Rule 4(m). Instead, on October 13, 2020, he filed a one-page document titled, "Affidavit" [Docket No. 33]. Then on October 16, 2020, he filed a seven-page document titled, "Affidavit" [Docket No. 34]. Other than his hand-written note, "Pleadings/Complaint/Affidavit" on the sixth and seventh pages of the second "Affidavit," there is no indication that Plaintiff intended either of these documents to constitute an Amended Complaint.

Plaintiff did not request leave of court to file any such amendment out of time, nor did he attach a redline version of the original Complaint as ordered. Additionally, as noted by Defendants, his conclusory factual allegations in these "Affidavits" do not substantively add to the facts alleged in his Complaint. The court, therefore, declines to construe Docket Nos. 33

---

attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

and/or 34 as an Amended Complaint. Accordingly, the motion to strike and the motions to dismiss the Amended Complaint [Docket Nos. 36 and 37] are moot.

### Motions to Dismiss

For purposes of the motion to dismiss, the court accepts as true all well-pleaded facts in the Complaint and construes those facts in the light most favorable to Plaintiff. *Western Watersheds Project v. Michael,* 869 F.3d 1189, 1193 (10th Cir. 2017). Of course, the court does not accept as true conclusory statements or legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive the motion to dismiss, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plaintiff must nudge his "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

The Tenth Circuit has held that the "*Twombly/Iqbal* standard is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (citing *Robbins v. Oklahoma*, 519 F.3d, 1242, 1247 (10th Cir. 2008). "In other words, *Rule 8(a)(2) still lives*." *Id*. (emphasis added). "Under Rule 8, *specific facts are not necessary*; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235-36 (10th Cir. 2013) (quoting *Khalik*, 671 F.3d at 1191) (emphasis added).

**City of Sallisaw**

Plaintiff's only allegations against the City of Sallisaw pertain to an allegedly false charge and warrant against him there in 1998. To the extent Plaintiff is attempting to assert any claim based upon a charge and/or warrant made in 1998, it is barred by the applicable two-year statute of limitations as stated in the City of Sallisaw's motion. Docket No. 22, at 2, n. 2.

Furthermore, Plaintiff's claims against the City of Sallisaw are conclusory in nature. The only specific allegation is that a judge in the City of Sallisaw signed the allegedly false charge in 1998. Plaintiff states: "Sallisaw, Oklahoma will be investigated." Plaintiff has not alleged plausible claims. The City of Sallisaw's motion to dismiss is granted.

**Broken Arrow Defendants**

Plaintiff brings claims against the City of Broken Arrow, Broken Arrow Police, and two Broken Arrow police officers. He alleges that he was illegally stopped on July 31, 2018 and detained for fourteen days. He alleges that his vehicle was illegally searched and that his private property, including ten dogs, were "stolen" when his vehicle was illegally impounded. He alleges that he was illegally searched and that one of the officers committed battery against him by touching his "private area" during the search.

Plaintiff has failed to state any claims against the officers. Plaintiff's claims with regard to the stop and detention are conclusory. While he ties the stop to the 1998 Sallisaw warrant, he does not allege that the warrant was withdrawn or dismissed. He further offers no allegations as to how or why the officers would or should have had reason to know that the warrant was "falsified" or invalid. Moreover, as to any claims against the officers in their official capacity, the officers are not properly named. *See* 51 OKLA. STAT. § 153(C) and 163(C). As to any claims against the officers in their individual capacities for battery, false imprisonment, or

malicious prosecution, the one-year statute of limitations passed before Plaintiff filed his claims. *See* 12 OKLA. STAT. § 95(4).

As the Broken Arrow Defendants argue, Plaintiff offers no authority for his right to sue the Broken Arrow Police Department. The Broken Arrow Police Department is a department within the City of Broken Arrow, not a separate entity capable of being sued. Plaintiff has not stated any claim against the City of Broken Arrow. A city or county is not liable under the doctrine of respondeat superior; it is liable only if its employees deprived an individual of his constitutional rights pursuant to a policy or custom of the city or county. *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Plaintiff did not allege any facts regarding any specific policies or customs of the City of Broken Arrow or the Broken Arrow Police Department related to Plaintiff's claims.

Moreover, as to any state law claims against the City of Broken Arrow, Plaintiff has not alleged that he complied with Oklahoma's Governmental Tort Claims Act ("GTCA") before filing this suit. The GTCA provides that a "claim against the state or a political subdivision shall be forever barred unless notice therof is presented within one (1) year after the loss occurs." 51 OKLA. STAT. § 156(B). The Broken Arrow Defendants' motions to dismiss are granted.

### Tulsa County

Tulsa County has not entered an appearance in this case. Nevertheless, as noted above, Plaintiff did not follow this court's order to show cause by September 16, 2020 for failure to timely serve his Complaint and Summons on the Defendants in accordance with Rule 4(m) of the Federal Rules of Civil Procedure. The court admonished him that failure to comply with the order could result in dismissal of this action. More importantly, this court is not the proper venue for an action against Tulsa County, 28 U.S.C. § 1391(b), and Plaintiff has made no

allegations against Tulsa County in any event. On page fifteen of his Complaint, Plaintiff alleges that he was held for fourteen days in Tulsa, Oklahoma, but makes no allegations against Tulsa County, noting only that "Tulsa county will be investigated as well." The action against Tulsa County is hereby dismissed.

### Summary & Conclusion

As the court does not construe Docket Nos. 33 and/or 34 as an Amended Complaint, Sallisaw's motion to dismiss the Amended Complaint [Docket No. 36] and the Broken Arrow Defendants' motion to strike or in the alternative to dismiss the Amended Complaint [Docket No. 37] are MOOT. The motions to dismiss [Docket Nos. 19, 20, 22, and 26] are hereby GRANTED.[2] This action is dismissed against all Defendants.

**IT IS SO ORDERED** this 11th day of January, 2021.

*Ronald A. White*

**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**

---

[2] The court notes that even if it construed Docket Nos. 33 and/or 34 as an Amended Complaint, for the reasons stated herein, the outcome would be the same.